## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVIDOFF HUTCHER & CITRON LLP,<br><br>Defendant. | Adv. Pro. No. 24-50035 (BLS)<br><br>JURY TRIAL DEMANDED |

## ANSWER TO THE COMPLAINT

Davidoff Hutcher & Citron LLP, Defendant ("DHC" or "Defendant"), through its undersigned counsel, files the following Answer to the Complaint, respectfully stating as follows:

## INTRODUCTION[1]

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, DHC declines to plead as to Plaintiff's characterization of the Complaint, which speaks for itself. DHC denies all liability to Plaintiff.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, DHC declines to plead as to Plaintiff's characterization of the relief sought in the Complaint, which

---

[1] Any capitalized terms not defined in this section shall have the meanings ascribed to them in the Complaint.

speaks for itself. DHC denies all liability to Plaintiff.  Further, the allegations of this Paragraph assert a conclusion of law with respect to which no responsive pleading is required.

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, DHC declines to plead as to Plaintiff's characterization of the Complaint, which speaks for itself. DHC denies all liability to Plaintiff.

## JURISDICTION AND VENUE

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, DHC sets forth that the object of the Complaint is to augment the Estate and not the apportionment of the existing bankruptcy estate among creditors. DHC reserves DHC's jury trial rights. DHC does not consent to a jury trial in the Bankruptcy Court. DHC further reserves the right to seek the withdrawal of reference by the U.S. District Court, District of Delaware (the "District Court"). DHC reserves the right to de novo and/or appellate review by the District Court and the Third Circuit Court of Appeals.

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, DHC denies in part the allegation that this matter is a "core" proceeding to be heard by the Court pursuant to 28 U.S.C. § 157(b)(2). Defendant, having not filed a claim in this Chapter 7 case, asserts its constitutional right to a trial by jury in the District Court. To the extent that the Bankruptcy Court makes any findings of fact or conclusions of law, or issues any ruling, asserts the right to trial *de novo*.  DHC does not consent to entry of final judgment by the Bankruptcy Court.

6.      With respect to the allegations contained in Paragraph 6 of the Complaint, DHC admits that venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

7.      DHC admits the allegations contained in Paragraph 7 of the Complaint.

8.      With respect to the allegations contained in Paragraph 8 of the Complaint, DHC admits that it was advised that on April 6, 2022 the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and that it was advised of the Trustee's appointment as Interim Trustee on that date.

9.      With respect to the allegations contained in Paragraph 9 of the Complaint, DHC admits that it is a limited liability partnership law firm registered in the State of New York.  The remaining allegations of Paragraph 9 of the Complaint are vague and confusing.

## FACTUAL BACKGROUND

### A.      The Formation and Ownership of the Debtor

10.     With respect to the allegations contained in Paragraph 10 of the Complaint, DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the foregoing allegations.

11.     The allegations contained in Paragraph 11 of the Complaint relate to documents, to which DHC refers the Court for their true contents and meaning. As to the remaining allegations, DHC is advised that EZL filed a Chapter 7 petition and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 11 of the Complaint.

12.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

### B.      The Acquisition and Construction of 40 Meadow Lane

13.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

**C.      Nir Meir's Fraudulent Schemes with Respect to HFZ Capital and His Use of the Debtor to Secure His Personal Obligations**

17.     The allegations contained in Paragraph 17 relate to documents, to which DHC refers the Court for their true contents and meaning. DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17 of the Complaint.

18.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint. To the extent that the allegations contained in Paragraph 18 refers to civil and/or criminal complaints, the allegations relate to documents, to which DHC refers the Court for their true contents and meaning.

19.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.  To the extent that the allegations contained in Paragraph 19 refers to a complaint or  complaints, the allegations relate to documents, to which DHC refers the Court for their true contents and meaning.

20.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint. To the extent that the

allegations contained in Paragraph 21 refers to a complaint or complaints, the allegations relate to documents, to which DHC refers the Court for their true contents and meaning.

22.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23.     With respect to the allegations contained in Paragraph 23 of the Complaint, to the extent said allegations constitutes a conclusion of law, DHC declines to plead with respect to same. In the alternative, DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the foregoing allegation.

**D.     The Sale of 40 Meadow Lane and Initial Fraudulent Transfers of the Sale Proceeds**

24.     DHC denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of Paragraph 24 of the Complaint. DHC denies the allegations of the second sentence of Paragraph 24 of the Complaint.

25.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27.     With respect to the allegations contained in Paragraph 27 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations, except admits that DHC did receive the amount of $500,000.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, DHC admits that on March 26, 2021, it filed documents for Ermitage, denies knowledge or information sufficient to form a belief as to the truth or falsity of the third sentence of Paragraph 28,and denies the remaining allegations of Paragraph 28 of the Complaint.

29.    DHC admits the allegations contained in Paragraph 29 of the Complaint.

30.    With respect to the allegations contained in Paragraph 30 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admits that DHC did receive the amount of $500,000.

31.    With respect to the allegations contained in Paragraph 31 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the foregoing allegations.

32.    With respect to the allegations contained in Paragraph 32 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the foregoing allegations.

33.    Inasmuch as the allegations concern the actions of entities other than Defendant, with respect to the allegations contain in Paragraph 33 of the Complaint, DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the foregoing allegations.

34.    With respect to the allegations contained in Paragraph 34 of the Complaint, DHC denies the allegations concerning the disbursements to DHC. With respect to disbursements made to Insiders, DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of these allegations of the Complaint.

**E. Financial Condition of the Debtor**

35.    DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint. Further the allegation that "the Debtor was left as an empty shell" is a colloquial allegation not otherwise requiring a responsive pleading.

36.     With respect to the allegations contained in Paragraph 36 of the Complaint, inasmuch as the allegations concern the knowledge or state of mind of persons or entities other than Defendant, DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.

**F. Subsequent Transfers to Davidoff Hutcher**

37.     With respect to the allegations contained in Paragraph 37 of the Complaint, DHC admits to receipt of payments defined as the "Subsequent Transfers" and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the direct derivation of said payments.

38.     The allegations contained in Paragraph 38 of the Complaint relate to documents, which, upon information and belief, relate to other documents. DHC refers the Court to the documents for their true contents and meaning. Defendant, however, does admit to receipt of payments defined as the "Subsequent Transfers" and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the derivation of said payments.

39.     With respect to the allegations contained in Paragraph 39 of the Complaint, DHC admits to receipt of said payments and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint as to the direct derivation of said payments.

40.     With respect to the allegations contained in Paragraph 40 of the Complaint, DHC admits to receipt of said payments and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the direct derivation of said payments.

41.     With respect to the allegations contained in Paragraph 41 of the Complaint, DHC admits to receipt of said payments and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to the direct derivation of said payments.

42.     DHC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

## PLEADINGS AS TO ALLEGATIONS CONTAINED IN COUNT I

### Avoidance of the Closing Transfer – Actual Fraud (11 U.S.C. § 548(a)(1)(A))

43.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 42 above as if fully set forth and repleaded herein.

44.     With respect to the allegations contained in Paragraph 44 of the Complaint, Plaintiff's allegations include a conclusion of law, to which DHC respectfully declines to plead.

45.     DHC admits the allegations contained in Paragraph 45 of the Complaint.

46.     DHC denies the allegations contained in Paragraph 46 of the Complaint.

47.     DHC denies the allegation contained in Paragraph 47 of the Complaint.

## PLEADINGS WITH RESPECT TO COUNT II

### Avoidance of the Closing Transfer – Constructive Fraud (11 U.S.C. § 548(a)(1)(B))

48.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 47 above as if fully set forth and repleaded herein.

49.     With respect to the allegations contained in Paragraph 49 of the Complaint, Plaintiff's allegations include a conclusion of law, to which DHC respectfully declines to plead.

50.     DHC admits the allegations contained in Paragraph 50 of the Complaint.

51.     DHC denies the allegations contained in Paragraph 51 of the Complaint.

52.     DHC denies the allegations contained in Paragraph 52 of the Complaint.

53.     DHC denies the allegation contained in Paragraph 53 of the Complaint.

## PLEADINGS WITH RESPECT TO COUNT III

### Recovery of the Closing Transfer (11 U.S.C. § 550(a)(1))

54.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 53 above as if fully set forth and repleaded herein.

55.     With respect to the allegations contained in Paragraph 55 of the Complaint, DHC admits to the receipt of the Closing Transfer and asserts that it is a transferee for value pursuant to 11 U.S.C. § 548(c). Otherwise, DHC sets forth that Plaintiff's allegations contained in Paragraph 55 of the Complaint include conclusions of law, to which DHC respectfully declines to plead.

56.     DHC denies the allegation contained in Paragraph 56 of the Complaint.

57.     DHC denies the allegation contained in Paragraph 57 of the Complaint.

## PLEADINGS WITH RESPET TO COUNT IV

### Recovery of Subsequent Transfers (11 U.S.C. § 550(a)(2))

58.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 57 above as if fully set forth and repleaded herein.

59.     With respect to the allegations contained in Paragraph 59 of the Complaint, Plaintiff's allegations include conclusions of law, to which DHC respectfully declines to plead.

60.     With respect to the allegations contained in Paragraph 60 of the Complaint, Plaintiff's allegations include conclusions of law, to which DHC respectfully declines to plead.

61.     DHC denies the allegations contained in Paragraph 61 of the Complaint.

62.     DHC denies the allegation contained in Paragraph 62 of the Complaint, and asserts, to the extent that it is a mediate transferee, that any transfers received were for value and, as such, not avoidable under 11 U.S.C. § 550(b)(2) and asserts in the alternative that 11 U.S.C. § 548(c) provides a complete defense.

9

## PLEADINGS WITH RESPECT TO COUNT V

### Disallowance of Claim (11 U.S.C. § 502)

63.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 62 above as if fully set forth and repleaded herein.

64.     DHC denies the allegation contained in Paragraph 64.

65.     DHC denies the allegation contained in Paragraph 65, inasmuch as DHC denies that it has received a voidable transfer, which is the predicate for said allegation.

66.     DHC denies the allegation contained in Paragraph 66, and further denies that it has filed any claim against the Debtor.

67.     DHC denies the allegation contained in Paragraph 67, and further states that it has not requested nor obtained the allowance of any filed claim against the Debtor. As such, 11 U.S.C. § 502(j) is inapplicable.

## PLEADINGS WITH RESPECT TO COUNT VI

### Claim for Legal Malpractice

68.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 67 above as if fully set forth and repleaded herein.

69.     With respect to the allegations contained in Paragraph 69 of the Complaint, Plaintiff's allegations include conclusions of law, to which DHC respectfully declines to plead.

70.     DHC denies the allegations contained in Paragraph 70 of the Complaint.

71.     DHC denies the allegations contained in Paragraph 71 of the Complaint.

72.     DHC denies the allegations contained in Paragraph 72 of the Complaint.

73.     DHC denies the allegations contained in Paragraph 73 of the Complaint.

74.     DHC denies the allegations contained in Paragraph 74 of the Complaint.

75.     DHC denies the allegation contained in Paragraph 75 of the Complaint.

## PLEADINGS WITH RESPECT TO COUNT VIII

### Claim for Aiding and Abetting Breach of Fiduciary Duty

76.     DHC hereby re-alleges and incorporates the allegations its responses as set forth in paragraphs 1 through 75 above as if fully set forth and repleaded herein.

77.     The allegations set forth in Paragraph 77 of the Complaint constitute a conclusion of law, to which no responsive pleading is required.

78.     DHC denies the allegations contained in Paragraph 78 of the Complaint.

79.     DHC denies the allegations contained in Paragraph 79 of the Complaint.

80.     DHC denies the allegations contained in Paragraph 80 of the Complaint.

## DHC'S MISCELLANEOUS GENERAL DENIALS

81.     To the extent not specifically admitted above, including (but not limited to) every instance where DHC is without knowledge or information sufficient to form a belief about the truth of the allegations, DHC denies all allegations of the Complaint.

82.     DHC asserts to the maximum extent possible the attorney-client privilege as set forth and made applicable by CPLR 4503 and Federal Rule 502(g) on behalf of any client it has or may have represented.

83.     DHC respectfully submits that it is not required to respond to headings, unnumbered portions of the Complaint, or Plaintiff's Request for Relief. To the extent any of these contain factual allegations or a response is otherwise required at this time, DHC denies such allegations. DHC also respectfully submits that it is not required to respond to legal conclusions, and therefore neither admits nor denies any allegations that are legal conclusions. To the extent a response is required, DHC denies such allegations. Further, in each instance where DHC refers to

referenced documents (including engagement letters and court filings for their content), DHC

denies the allegations to the extent they are incomplete and/or inconsistent with those documents.

## DHC'S AFFIRMATIVE AND OTHER DEFENSES

84.     DHC will rely on all defenses lawfully available to it at the time of trial and reserves

the right to amend its Answer and Affirmative and Other Defenses, if necessary, should discovery

in this action make known facts that support such defenses. To the extent the defenses below raise

matters on which Plaintiff bears the burden of proof at trial, DHC does not adopt or assume that

burden by virtue of its pleading.

## FIRST AFFIRMATIVE DEFENSE

85.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

86.     Plaintiff's claims, in whole or in part, are barred by the doctrine of in pari delicto

and/or the Wagoner Rule, based on the conduct of Nir Meir, EAM and/or EZL, and/or their

officers, directors or agents and any party claimed to have been represented by DHC.

## THIRD AFFIRMATIVE DEFENSE

87.     Plaintiffs' claims, in whole or in part, are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' claims, in whole or in part, are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to exercise

due care.

## SIXTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims, in whole or in part, are barred because Plaintiff lacks standing to

assert them.

### SEVENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to allege any direct or independent injury.

### EIGHTH AFFIRMATIVE DEFENSE

92.     Any damage allegedly suffered by Plaintiff arising out of the conduct of DHC was caused by the intervening act(s) or omission(s) of persons other than DHC, and said act(s) or omission(s) superseded any action or omission by DHC for which it might be considered liable.

### NINTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims, in whole or in part, are barred because DHC did not directly or proximately cause or contribute to any alleged damage, loss, or injury sustained by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

94.     Plaintiff's claims, in whole or in part, are barred because Plaintiff's alleged injuries were caused by third parties other than DHC.

### ELEVENTH AFFIRMATIVE DEFENSE

95.     Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than DHC, including Plaintiff and those to whose rights Plaintiff is subrogated, under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, and comparative fault.

### TWELFTH AFFIRMATIVE DEFENSE

96.     Plaintiff failed to mitigate any damages it might have suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contribution, comparative negligence and/or assumption of risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

98.    Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 548(c).

### FIFTEENTH AFFIRMATIVE DEFENSE

99.    To the extent that DHC is a mediate and not immediate transferee of the Debtor, DHC received any transfers in satisfaction of a present or antecedent debt of Nir Meir, EAM, EZL and/or parties aligned in interest with them.

### SIXTEENTH AFFIRMATIVE DEFENSE

100.    While DHC denies that Plaintiff has properly alleged any damages, to the extent that Plaintiff seeks indirect or consequential damages against DHC, claims for such damages are barred in whole or in part, including by judicial limitations on such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 550 because DHC took the payments for value, in good faith, and without knowledge of the voidability of the payments.

### EIGHTEENTH AFFIRMATIVE DEFENSE

102.    Upon information and belief, the Debtor was, at all relevant times, solvent.

### NINTETEENTH AFFIRMATIVE DEFENSE

103.    DHC at all times acted as an agent for disclosed principals, who are or may be liable to Plaintiff.

### RESERVATION OF RIGHTS TO BRING COUNTERCLAIMS AND THIRD-PARTY CLAIMS

104.    DHC hereby reserves all rights to assert, in any amended pleading or otherwise, any and all counterclaims against Plaintiff, and any or all third-party claims that it may elect to

pursue in the future. Failure to include such claims in this Answer shall not serve to waive any right to bring such claims in future pleadings.

## DEMAND FOR JURY TRIAL

105.    DHC demands that a jury determine any issue triable of right.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment against Plaintiff dismissing the Complaint, and granting such other and further relief as is just under the circumstances.

WHEREFORE, Defendant requests that this case be dismissed.

Respectfully submitted,

CAROTHERS &
HAUSWIRTH LLP

Dated:  June 4, 2024                    By: */s/ Gregory W. Hauswirth*
                                        Patrick W. Carothers (PA ID 85721)
                                        Gregory W. Hauswirth (DE Bar No. 5679)
                                        1007 N. Orange Street, 4th Floor
                                        Wilmington, DE 19801
                                        Telephone:  302.332.7181
                                        Facsimile:  412.910.7510
                                        ghauswirth@ch-legal.com

                                        *Attorneys for Davidoff Hutcher & Citron LLP*

15

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>    Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVIDOFF HUTCHER & CITRON LLP,<br><br>    Defendant. | Adv. Pro. No. 24-50035 (BLS)<br><br>JURY TRIAL DEMANDED |

## <u>NOTICE OF SERVICE</u>

  The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 4th day of June 2024, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

John T. Carroll, III
Simon E. Fraser
COZEN O'CONNER
1201 North Market Street, Suite 1001
Wilmington, DE  19801
jcarroll@cozen.com
sfraser@cozen.com

*Attorneys for Plaintiff*

           /s/ *Gregory W. Hauswirth*
           *Attorneys for Defendant*